**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PHILIP GRAHAM DUGGER, | ) Case No. SACV 17-0966-GW(JPR) |
| Petitioner, | ) |
| v. | ) ORDER SUMMARILY DISMISSING HABEAS<br>) PETITION AND ADMINISTRATIVELY<br>) CLOSING CASE |
| SCOTT KERNAN, Director of<br>Corrections, | ) |
| Respondent. | ) |

Last year, Petitioner filed two substantially similar habeas petitions in rapid succession.[1] In each he argued that he should be released from prison on his 1989 murder and robbery convictions because, apparently, every human being is entitled to "ownership of land," just as each of the first colonists was supposedly given 40 acres of land under an "agreement" reached in 1619. See Dugger v. Kernan, SACV 16-1592-GW (JPR) (C.D. Cal. filed Aug. 29, 2016) (Pet. at 7); Dugger v. Stainer, SACV 16-

---

[1] Petitioner himself described the two petitions as raising the "same issues." See Dugger v. Kernan, SACV 16-1592-GW (JPR) (C.D. Cal. filed Aug. 29, 2016) (Pet. at 16).

1

1385-GW (JPR) (C.D. Cal. filed July 26, 2016) (Pet. at 7).[2] Because Petitioner was never given his own piece of land to work, he had to turn to stealing to survive; during one such incident he "shot and killed" a 67-year-old man. See Case No. SACV 16-1592-GW (JPR) (Pet. at 6); Case No. SACV 16-1385-GW (JPR) (Pet. at 6). The sole claim in each petition was "[d]eprivation of the pursuit of a viable livelihood." See Case No. SACV 16-1592-GW (JPR) (Pet. at 5); Case No. SACV 16-1385-GW (JPR) (Pet. at 5). The Court dismissed the first of the petitions as frivolous on its merits and the second for the additional reason that it was second or successive.

On June 6, 2017, Petitioner filed a third substantially similar Petition for Writ of Habeas Corpus. His sole claim is "[f]ailure of the United States government to fulfill the purpose for which the authors of the U.S. Constitution designed." (Pet. at 5.) He again contends that he should have been "permitted a small portion of America, . . . perhaps ten acres." (Id. at 7.) Once again he claims that "lack of proper democratic representative leadership in the federal government . . . led to myself having to resort to theft and ultimately murder, when the citizen from whom I was obliged to steal did something very foolish." (Id. at 6.)

The Petition must be summarily dismissed because Petitioner's almost identical first two petitions were denied on their merits as frivolous and thus the Petition is an unauthorized successive petition filed without permission from

---

[2] The Court uses the pagination provided by its Case Management/Electronic Case Filing system.

the Ninth Circuit Court of Appeals.  See 28 U.S.C. § 2244(b); Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (per curiam) (noting that subsequent habeas petition is second or successive within meaning of § 2244(b) if first petition was denied on merits).  Indeed, the Court's review on PACER of the Ninth Circuit's docket shows that Petitioner has never filed a request in that court for leave to file a successive petition (or any other document, for that matter).

Even if the Court were to consider the Petition on its merits, it would still have to be summarily dismissed because it too is frivolous.[3]  Once again, Petitioner does not challenge anything about his particular criminal proceedings; indeed, he concedes that he is "not appealing my conviction or sentence." (Pet. at 14.)  Rather, he raises some sort of broad-based, philosophical and societal concern as to which this Court is powerless to act even were it so inclined.  See § 2254(a) (noting that judge may entertain habeas petition only if petitioner claims to be "in custody in violation of the Constitution or laws or treaties of the United States").  Petitioner again argues what the law should be, not what it is.

---

[3] Rule 4 of the Rules Governing § 2254 Cases in U.S. District Courts states that a district judge "must dismiss" a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  See also C.D. Cal. R. 72-3.2 (providing for magistrate judges to prepare summary-dismissal orders for district judges' signature).  Summary dismissal is appropriate when the petition is "patently frivolous or false."  Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (citations omitted).

Accordingly, the Petition is SUMMARILY DISMISSED. The Clerk is directed to administratively close this case.

DATED: June 16, 2017

GEORGE H. WU
U.S. DISTRICT JUDGE

Presented by:

Jean Rosenbluth
U.S. Magistrate Judge

4